RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 8 , 19 , 05
BY Dm

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| NARTESHIA S. WILLIAMS | CIVIL ACTION NO. 04-2559 |
| VERSUS | JUDGE DONALD E. WALTER |
| U.S. SUPPORT COMPANY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion for Partial Summary Judgment [Doc. #26] filed on behalf of defendant, U. S. Support Company, pursuant to Federal Rule of Civil Procedure 56. Plaintiffs oppose this motion. For the reasons assigned herein, defendant's motion is **GRANTED**, and plaintiffs' claims are **DISMISSED**.

## STATEMENT OF THE CASE

Plaintiffs, Narteshia Williams and Latori Williams, bring this action against their former employer, U.S. Support Company, alleging, *inter alia*, potential claims under the Fair Labor Standards Act. Plaintiffs also assert that during their employment they encountered "various discrimination issues" such as a change in the compensation plan that affected new employees only. Plaintiffs also complain that they were assigned tasks without proper training and were not given fifteen minute work breaks. Plaintiffs further assert that defendant acted "under color of law" and violated their rights under the Fourteenth Amendment and deprived them of due process "creating reverse discrimination, and deliberate indifference." See Complaint and "First Supplemental and Amending Petition."

In an Order issued on August 3, 2005, this Court granted defendant's Motion to Dismiss in

part by dismissing plaintiffs' claims for constitutional violations under 42 U.S.C. § 1983 and federal anti-discrimination laws. The Court, in accordance with the magistrate's recommendation, retained any potential claims under the Fair Labor Standards Act ("FLSA") to be examined in future motion practice or at trial. The potential FLSA claims are based on the following allegations: (1) that plaintiffs were not allowed fifteen minute work breaks; (2) that plaintiffs were docked pay for two minutes of time attributed to walking from the time clock to their work stations; and (3) that Latori Williams was not compensated for overtime.

It is undisputed that Narteshia Williams was hired by U.S. Support Company on August 30, 2004, and that Latori Williams was hired on November 7, 2004 as Technical Service Engineers ("TSEs"). See Defendant's Statement of Material Facts, ¶¶ 1, 2. Narteshia Williams' employment was terminated on November 26, 2004, before the expiration of her ninety-day probationary period, for unsatisfactory work performance. Id. at ¶ 3. On the other hand, Latori Williams voluntarily left the employ of U.S. Support Company on February 26, 2005 because the job was too stressful. Id. at ¶ 4.[1]

---

[1] See Local Rule 56.2 which states:

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

Plaintiffs failed to provide any factual opposition to the statement of material facts provided by defendant. Thus, the facts set forth in defendant's statement are deemed admitted in accordance with Local Rule 56.2.

## SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Id.

The moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309 (5th Cir. 1999). The moving party is not required to negate the elements of the non-moving party's case. Lawrence, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 584-88, 106 S.Ct. 1348, 1355-56 (1986). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. Little v.

3

Liquid Air. Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). In the absence of any

proof, the court will not assume the non-moving party could or would prove the necessary facts. Id.

Pursuant to Local Rule 56.1, the moving party shall file a Statement of Uncontested Facts

as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party

opposing the motion for summary judgment set forth a "short and concise statement of the material

facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement

required to be served by the moving party "will be deemed admitted, for the purposes of the motion,

unless specifically denied." Local Rule 56.2.

## LAW AND ANALYSIS

The only issue before the Court is whether plaintiffs have demonstrated the existence of a

genuine issue of material fact as to whether U.S. Support Company violated the FLSA. Plaintiffs'

potential claims under the FLSA are based on allegations that plaintiffs were docked pay for travel

time from the Company door to their work stations and not allowed fifteen minute work breaks.

Latori Williams' FLSA claim is also based on her allegation that she was not paid for overtime.

The FLSA requires that employers pay their employees overtime compensation. See 29

U.S.C. § 207. Under Section 7, an employer is required to compensate his employee for the hours

worked beyond the forty-hour workweek at a rate "not less than one and one-half times the regular

rate at which he is employed." 29 U.S.C. § 207(a)(1).

On November 21, 2004, Latori Williams signed a document entitled "USSC – TSE

Compensation Plan." According to defendant, this document (the "Compensation Plan") explains

how Latori Williams was to be compensated.[2] Under the Compensation Plan, a TSE is offered a "pay-for-performance plan based on quality and productivity." TSEs spend their time in one of three ways: primary time, secondary time and lunch time. TSEs' primary time is compensated at a higher rate than their secondary time which is compensated at a rate equivalent to minimum wage. Lunch time is not compensated. According to the sample calculation made part of the Compensation Plan, a TSE's "regular hourly rate" is determined by dividing his gross wages[3] by the amount of hours worked. Then, the following calculation is used to determine the additional overtime pay: (total hours worked - 40) x regular hourly rate x 0.5. The amount derived by this calculation is added to the gross wages and results in the final "total weekly pay."

The Court looks to 29 C.F.R. §548.2 to determine whether defendant's compensation plan satisfies the requirements for overtime payment. The Compensation Plan shows that Latori Williams was paid overtime pursuant to an agreement between her and her employer before performance of the work. 29 C.F.R. §548.2(a). The Compensation Plan established that an average would be taken of the time spent, either primary or secondary time, to determine the basic rate to be used in computing overtime compensation. 29 C.F.R. §548.2(b). As explained above, the established basic rate is a rate that can be derived from the application of a specified method of calculation, namely by taking an average of the rates applied to an employee's total time worked. 29 C.F.R. §548.2(c). The established basic rate in this case is not less than the minimum hourly rate required by applicable law since the lowest half-time hourly rate paid to Latori Williams was $3.67 which is greater than

---

[2]Latori Williams is the only plaintiff who asserts that she was not properly paid for overtime. Thus, only the compensation plan signed by Latori Williams is relevant.

[3]Gross wages at this stage in the calculation are determined by the following formula: (primary time X primary rate) + (secondary time x secondary rate).

half of the applicable minimum wage, $2.58. 29 C.F.R. §548.2(d). As shown by the sample calculation, the basic rate is authorized by 29 C.F.R. §548.3(c).[4] 29 C.F.R. §548.2(e). All hours worked are compensated at the applicable rate, either primary or secondary. Those hours worked in excess of the 40-hour workweek are then additionally compensated at half of the "regular hourly rate." Thus, hours that qualify as overtime hours under section 7(e)(5), (6), or (7)[5] of the act are compensated at a rate of not less than one and one-half times the established basic rate. 29 C.F.R. §548.2(f) - (h). Under the Compensation Plan, Latori Williams' primary rate of pay was almost double the applicable minimum wage, and her secondary rate of pay was equivalent to minimum wage so her average hourly earnings for the workweek exclusive of overtime could not be less than minimum wage. 29 C.F.R. §548.2(i).[6] After reviewing the Compensation Plan agreed to by Latori Williams in light of the standards enumerated in §548.2, this Court finds that defendant's Compensation Plan satisfies the requirements for overtime pay.

---

[4]29 C.F.R. §548.3(c) provides that the requirements of Section 7 will be met by

> [a] rate per hour which is obtained by averaging the earnings of, exclusive of payments described in paragraphs (1) through (7)(e) of the act, of the employee for each type of work performed during each workweek . . . for which such average is regularly computed under the agreement or understanding. Such a rate may be used to compute overtime compensation, during the particular period for which such average is computed, for all the overtime hours worked by the employee at the type of work for which the rate is obtained.

[5]Section 7(e) defines "regular rate" to include "all remuneration for employment paid to, or on behalf of, the employee," but excepts certain payments from the regular rate. Sections 7(e)(5), (6) and (7) excepts the extra compensation provided by a premium rate paid for overtime, weekends and holidays, and work outside of the hours established by an employment agreement or contract, respectively.

[6]29 C.F.R. §548.2(j) covers overtime compensation paid on "other forms of additional pay." There is no evidence before this Court that Latori Williams was entitled to any other forms of additional pay. Thus, §548.2(j) is irrelevant in the case *sub judice*.

6

Latori Williams generally asserts that "U.S. Support Company made you work overtime, but did not compensate you for the time" and that she was "forced to work overtime for three straight pay periods without being compensated, when compensation is to be paid biweekly." See "First Supplemental and Amending Petition." Although defendant has not presented specific evidence that Latori Williams was, in fact, paid overtime, defendant made a direct representation in its Statement of Material Facts that "[p]laintiffs were properly paid overtime." See Defendant's Statement of Material Facts, ¶6. Under Celotex, the burden then shifted to plaintiffs to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" 477 U.S. at 324, 106 S.Ct. 2548. Plaintiff Latori Williams has failed to make such a showing. Accordingly, any claim based upon Latori Williams' allegation that she was not paid overtime must fail as a matter of law.

Plaintiffs also assert that two minutes of travel time, from the time clock to their work stations, were improperly deducted from their paychecks. Defendant has provided the Court the affidavit of David Iadarola ("Iadarola"), Call Center Manager for U.S. Support Company, wherein he states that pursuant to the Compensation Plan, employees of U.S. Support Company are paid for all time they are physically in the workplace, except for lunch time. Iadarola Aff., ¶6. He further states that defendant's employees' pay is not docked for the time it takes to travel from the company door to their desks. Id. Defendant asserts in its statement of material facts that plaintiffs were not docked two minutes of pay for their travel time. Plaintiffs have provided the Court no evidence to the contrary. Thus, defendant's statement is deemed admitted for purposes of this motion. Even if docking plaintiffs two minutes' worth of wages was considered a violation of the FLSA, plaintiffs have failed to show that there is a genuine issue as to whether they actually lost such wages.

7

Accordingly, any FLSA claims based on this allegation must also fail.

Finally, defendant asserts that no federal or Louisiana state law requires an employer to provide a fifteen minute break to employees over the age of majority. This Court has found no statute or case law, and plaintiffs have not pointed to any statute or case law, indicating otherwise. As plaintiffs have not shown that an employer's failure to offer breaks during the work day is a violation of any law, no claim based on such an allegation can survive as a matter of law.

## CONCLUSION

For the reasons stated above, plaintiffs have failed to meet their burden of proof on summary judgment. Accordingly, their remaining claims are **DISMISSED**.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE